UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:03-CR-14-1-BR
No. 7:05-CV-111-BR

| | | |
|---|---|---|
| PAUL HORNER EMORY | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

This matter is before the court on the parties' cross-motions for summary judgment.

The relevant background follows. On 2 September 2003, after having pled guilty to possession of a firearm by a convicted felon, the court sentenced petitioner to 158 months imprisonment and a term of supervised release. Petitioner did not appeal.

On 2 June 2005, petitioner filed a petition pursuant to 28 U.S.C. § 2255. Because the petition filed did not substantially comply with the form appended to the Rules Governing § 2255 Proceedings, the court directed petitioner to return the appropriate form, (see 6/21/05 Order), which petitioner did on 6 July 2005. The court reviewed this petition pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings and concluded that dismissal did not appear warranted at that time. (7/29/05 Order.)

The government filed a motion to dismiss on 17 August 2005. The court denied that motion on 21 October 2005. In its order, the court recognized that there is an issue as to the timeliness of the petition, but concluded that it needed additional information to evaluate the issue.

On 12 December 2006, petitioner filed a motion for summary judgment. On 12 March 2007, the government filed its motion for summary judgment. The Clerk issued Roseboro notice to petitioner; however, petitioner has filed nothing in response to the government's motion.

Summary judgment is appropriate in those cases in which there is no genuine dispute as to a material fact, and in which it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Haavistola v. Community Fire Co. of Rising Sun, Inc., 6 F.3d 211, 214 (4th Cir. 1993). Summary judgment should be granted in those cases "in which it is perfectly clear that no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law." Haavistola, 6 F.3d at 214. In making this determination, the court draws all permissible inferences from the underlying facts in the light most favorable to the party opposing the motion. Id. "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir. 1991).

As the court has recognized in previous orders, the sole ground for relief petitioner asserts is ineffective assistance of counsel based on counsel's failure to file a notice of appeal. On 17 September 2003, Joseph Ross with the Federal Public Defender's Office (FPD) visited petitioner at the Johnston County Jail. (Mem. Supp. Summ. J., Ex. B ¶6.) According to Ross,

> I reviewed with him that he could file an appeal. If he wanted to file the appeal I would let Mrs. Donahue know or I will file it myself. After reviewing the appeal rights, Mr. Emory elected not to appeal. I wrote on the top of the facsimile letter [from petitioner to Donahue] "NO APPEAL". . . . Mr. Emory told me that he did not want to appeal his sentence.

(Id. ¶ 7.) On 19 September 2003, Ross in turn told Patricia Rollins, a paralegal with the FPD, that petitioner did not want to file an appeal and gave her the petitioner's letter on which he had made notations during his visit with petitioner. (Id. ¶ 8; Ex. C ¶ 7.) Rollins added to the letter: "JLR visit to client on 9/17/03, per the client," signed her initials, and dated it. (Ex. C ¶ 7.) This letter, with Ross' and Rolins' notations at the top, is the same one petitioner submitted in support of his petition.

2

(See 7/6/05 Pet., Ex. 1.) Petitioner has not come forward with any evidence to contradict this version of events. His claim centers on the contention that on the date of his sentencing, 2 September 2003, he told his trial counsel, Devin Donahue of the FPD, he wanted to appeal. As Donahue suggests, petitioner's 18 December 2003 letter to her appears to further confirm that petitioner did not want to appeal: "I'll trust your judgment on this & let it be." (Mem. Supp. Mot. Summ. J., Ex. A at 4 & Ex. C.) The letter also confirms Ross' prior visit and discussion with petitioner. (Id.) Because counsel consulted with petitioner about filing an appeal and petitioner opted not to proceed with an appeal, counsel was not ineffective and the petition will be dismissed.

Because the court has addressed the merits of the petition, it need not address the issue of the timeliness of the filing of the petition. Also, because it is uncontradicted that Ross consulted with petitioner about an appeal (and petitioner informed Ross he did not want to appeal), it is irrelevant whether petitioner had earlier requested that Donahue file a notice of appeal.

The government's motion for summary judgment is ALLOWED. Petitioner's motion for summary judgment is DENIED. This case is DISMISSED.

This 26 September 2007.

                              W. Earl Britt
                              Senior U.S. District Judge